United States District Court
Southern District of Texas
**ENTERED**
February 13, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SARA ADKINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-24-4854 |
| | § | |
| SHEPHERD SAFETY SYSTEMS, | § | |
| LLC & PELICAN ENERGY | § | |
| PARTNERS, LP, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before the Court is Defendants' Motion for Summary Judgment (Document No. 13). Having considered the motion, submissions, and applicable law, the Court determines that the motion for summary judgment should be granted.

## I. BACKGROUND

This is a matter involving alleged employment harassment and retaliation. Around the Summer of 2020, Plaintiff Sara Adkins ("Plaintiff") began working as the Controller, and later as CFO, for Defendants Shepherd Safety Systems, LLC ("Shepherd") and Pelican Energy Partners ("Pelican") (collectively "Defendants"). Plaintiff alleges that, during a business trip in January 2023, Defendants' COO Matthew Crook ("Crook") made sexually inappropriate comments to her and acted

inappropriately towards her.[1] Plaintiff contends that she reported the incident to Human Resources but that no actions were taken to remedy the situation.[2] Plaintiff further alleges that "she was forced to resign in December 2023 after enduring unwelcome sexual harassment from her coworker Matthew Crook."[3]

Based on the foregoing, on November 5, 2024, Plaintiff filed suit in the 269th District Court of Harris County, Texas, asserting a claim for "[v]iolation of the Texas Commission on Human Rights Act – Retaliation[.]"[4] On November 11, 2024, Plaintiff amended her complaint to assert a claim for "[v]iolation of the Texas Commission on Human Rights Act and Title VII of the Civil Rights Act of 1964 as amended – Retaliation[.]"[5] On December 11, 2024, Defendants removed the case to this Court pursuant to federal question jurisdiction.[6] On October 27, 2025,

---

[1] *Notice of Removal*, Document No. 1, Exhibit D at 13 (*Plaintiff's Amended Complaint*).

[2] *Plaintiff's Amended Complaint*, Document No. 1, Exhibit D at 14.

[3] *Plaintiff's Amended Complaint*, Document No. 1, Exhibit D at 13.

[4] *Notice of Removal*, Document No. 1, Exhibit D at 7 (*Plaintiff's Original Complaint*).

[5] *Plaintiff's Amended Complaint*, Document No. 1, Exhibit D at 16.

[6] *Notice of Removal*, Document No. 1 at 1.

Defendants moved for summary judgment.[7] On November 17, 2025, Plaintiff responded in opposition.[8]

## II. STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the evidence in a light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion and the elements of the causes of action upon which the nonmovant will be unable to establish a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

---

[7] *Defendants' Motion for Summary Judgment*, Document No. 13 at 1.

[8] *Response to Defendants' Motion for Summary Judgment*, Document No. 14 at 1.

But the nonmoving party's bare allegations, standing alone, are insufficient to create a material dispute of fact and defeat a motion for summary. If a reasonable jury could not return a verdict for the nonmoving party, then summary judgment is appropriate. *Liberty Lobby, Inc.*, 477 U.S. at 248. The nonmovant's burden cannot be satisfied by "conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Uncorroborated self-serving testimony cannot prevent summary judgment, especially if the overwhelming documentary evidence supports the opposite scenario. *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 294 (5th Cir. 2004). Furthermore, it is not the function of the Court to search the record on the nonmovant's behalf for evidence which may raise a fact issue. *Topalian v. Ehrman*, 954 F.2d 1125, 1137 n.30 (5th Cir. 1992). Therefore, "[a]lthough we consider the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmovant, the nonmoving party may not rest on the mere allegations or denials of its pleadings but must respond by setting forth specific facts indicating a genuine issue for trial." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000).

### III. LAW & ANALYSIS

Defendants move for summary judgment, contending there is no genuine issue of material fact for a jury to consider in this matter. In response, Plaintiff contends

that there is a dispute as to a material fact and that the Defendants' motion for summary judgment should be denied.

Plaintiff alleges a claim for "[v]iolation of the Texas Commission on Human Rights Act and Title VII of the Civil Rights Act of 1964 as amended – Retaliation" contending that, following her complaints regarding Crook, "she was increasingly isolated such that she felt compelled to resign, Defendants removed access to her accounts so that she could not do her work, and she was suddenly terminated before the end of her two-week period."[9] A Plaintiff bringing a retaliation claim must generally show: "(1) 'that he is engaged in a protected activity;' (2) 'that an adverse employment action occurred;' and (3) 'that a causal link existed between the protected activity and the adverse action.'" *Pineda v. UPS, Inc.*, 360 F.3d 483, 487 (5th Cir. 2004). The complainant carries the initial burden of establishing a *prima facie* case. *See McDonnel Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). If the complainant establishes a *prima facie* case, the burden shifts to the employer to provide a legitimate, nondiscriminatory explanation for the actions. *See Id.*; *Campos v. Steves & Sons, Incorporated*, 10 F.4th 515, 525 (applying the *McDonnel Douglas* burden-shifting scheme to Texas retaliation claims).

---

[9] *Plaintiff's Amended Complaint*, Document No. 1, Exhibit D at 16.

5

Most pertinent here, a resignation is only considered an adverse employment action if it qualifies as a constructive discharge. *Brown v. Kinney Shoe Corp*, 237 F.3d 556, 566 (5th Cir. 2001). "To establish 'constructive discharge,' the plaintiff must make a further showing: She must show that the abusive working environment became so intolerable that her resignation qualified as a fitting response." *Pennsylvania State Police v. Suders*, 542 U.S. 129, 133 (2004). The Fifth Circuit has considered the following factors that give rise to a constructive discharge: "(1) demotion; (2) reduction in salary; (3) reduction in job responsibilities; (4) reassignment to menial or degrading work; (5) reassignment to work under a younger supervisor; (6) badgering, harassment, or humiliation by the employer calculated to encourage the employee's resignation; or (7) offers or early retirement[.]" *Brown v. Bunge Corp.*, 207 F.3d 776, 782 (5th Cir. 2000).

Here, Defendants contend that "Plaintiff's claim for constructive discharge fails under the Fifth Circuit's objective test" and that "Plaintiff's only alleged act of retaliation prior to her resignation was her belief that Shepherd did not take remedial measures."[10] In response, Plaintiff contends that "[t]he lack of support from her employer led Plaintiff to feel compelled to resign, which constitutes another adverse

---

[10] *Defendants' Motion for Summary Judgment*, Document No. 13 at 6, 8.

employment action, as she was constructively terminated."[11] A review of the record

in this matter reveals that Plaintiff fails to provide any evidence supporting any of

the factors traditionally considered by the Fifth Circuit with respect to constructive

discharge. Based on the foregoing, and given the Supreme Court's clear guidance

that constructive discharge requires an additional showing of intolerability, the Court

finds that Plaintiff has failed to provide sufficient evidence to raise a genuine issue

of material fact as to constructive discharge, and thus, failed to raise a genuine issue

of material fact as to any adverse employment action.[12] Given the Fifth Circuit's

clear guidance that a claim for retaliation requires a showing of an adverse

employment action, the Court finds that Plaintiff has failed to raise a genuine issue

---

[11] *Response to Defendants' Motion for Summary Judgment*, Document No. 14 at 1; *see also Plaintiff's Amended Complaint*, Document No. 1, Exhibit D at 16 ("Because of the ongoing situation with Crook, and because no one at the company took any remedial measures, despite having every opportunity to do so, Adkins' job had become increasingly intolerable.").

[12] The Court notes that Plaintiff fails to plead facts or provide any evidence as to any of the factors traditionally considered by the courts. *See Brown v. Bunge Corp.*, 207 F.3d 776,782 (5th Cir. 2000). To the extent that Plaintiff attempts to allege that the lack of remedial measures by Defendants constitutes an adverse employment action, the Court rejects this argument noting "an employer's failure to investigate a discrimination complaint cannot be considered an adverse employment action taken in retaliation for filing the same discrimination complaint." *Leckemby v. Greystar Management Services, LP*, No. 1:13-CV-873-DAE, 2015 WL 3408667 (W.D. Tex. May 26, 2015) (citing *Fincher v. Depository Trust & Clearing Corp.*, 604 F.3d 712, 721 (2nd Cir. 2010)).

of material fact as to her claims for retaliation and finds that summary judgment should be granted accordingly.[13]

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendants' Motion for Summary Judgment (Document No. 13) is **GRANTED**.

SIGNED at Houston, Texas, on this **12** day of February, 2026.


DAVID HITTNER
United States District Judge

---

[13] Considering the Court's finding that Plaintiff failed to raise a genuine issue of material fact as to an adverse employment action, the Court declines to consider Defendants' remaining argument related to causation.